**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


BRYAN SANDOVAL,

      Plaintiff,

    v.                                    No. CIV 09-1192 MV/WDS

STATE OF NEW MEXICO,

      Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  Based on information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1).  And for the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico as the sole Defendant.[1]  Plaintiff alleges that he has completed a prison term imposed by a state court.  His parole was then revoked and he was re-incarcerated.  He contends that he was denied effective assistance of counsel and a speedy trial, his plea was involuntary, and his imprisonment is unlawful.  Plaintiff contends that these events violated a number of his constitutional protections.  The complaint seeks damages and "dismissal of my sentence."

Plaintiff's damages claims relating to his conviction and sentence appear to call into question the constitutionality of the state criminal proceedings against him.  These claims are barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.  The complaint does not allege that Plaintiff's conviction or sentence has been set aside.  *See id*. at 486-87.  Plaintiff's allegations of unconstitutional conviction, therefore, fail to state a claim cognizable under § 1983. The Court will dismiss these claims without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

Nor is relief available on Plaintiff's claim of unlawful imprisonment.  "[C]laims of false arrest, false imprisonment, and malicious prosecution must be premised on a lack of probable

---

[1]  The State of New Mexico, of course, is not a "person" for purposes of § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Court's dismissal of the complaint does not rest on this pleading deficiency, because Plaintiff presumably could amend his complaint to name a proper defendant.  *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

cause."   *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004).   "[A] § 1983 [false

imprisonment] complaint cannot succeed on its merits [where] there has been no termination of the

challenged criminal proceedings in [plaintiff]'s favor."   *Garey, Jr. v. Romero*, 361 F. App'x 915,

917 (10th Cir. 2010).   Plaintiff makes no allegations of lack of probable cause or favorable

termination, and this claim will be dismissed.

   Last, Plaintiff's claim for dismissal of his criminal sentence is cognizable only under the

habeas corpus statutes and not in a § 1983 action.   "Despite its literal applicability, however, § 1983

must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion

requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the

duration of his sentence.   Such claims fall within the 'core' of habeas corpus and are thus not

cognizable when brought pursuant to § 1983."   *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing

42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).   Plaintiff's allegations do

not state claims for relief under § 1983, and the Court will dismiss the complaint.

   IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is

WAIVED;

   IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice,

and judgment will be entered.

$\underline{\hspace{5cm}}$
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE